**Quinton SHORTER, Plaintiff—Appellant,**

v.

**Edward S. ALAMEIDA, Jr.; et al., Defendants—Appellees.**

No. 05–17087.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Filed June 20, 2006.

Quinton Shorter, Vacaville, CA, pro se.

William V. Cashdollar, Esq., AGCA—Office of the California Attorney General (Sac), Department of Justice, Sacramento, CA, for Defendants—Appellees.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Quinton Shorter, a California state prisoner, appeals pro se from the district court's judgment dismissing his action brought pursuant to the Age Discrimination Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's determination that a prisoner failed to exhaust available administrative remedies, and review for clear error its findings of fact. *Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir.2003). We affirm.

Shorter's complaint alleged that officials at the California Department of Corrections discriminated against him on the basis of his age by not allowing him to participate in the federally funded "Incarcerated Youth Offenders Program," on the ground that it is available only to people 18 to 25 years old with 5 years or less of incarceration time, and Shorter is 42 years old, and serving a 25 years to life term.

The district court properly dismissed without prejudice Shorter's action because Shorter did not exhaust mandatory federal administrative remedies by notifying the federal Secretary of Health and Human Services prior to filing his complaint. *See* 42 U.S.C. § 6104(e) ("No action ... shall be brought [under the Age Discrimination Act] ... if administrative remedies have not been exhausted.").

Shorter's contention that prison officials were obligated to guide him in exhausting federal administrative remedies is unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.